UNITED STATES, Appellee

v

CHARLES A. FRASER, Airman Second Class,
U. S. Air Force, Appellant

15 USCMA 28, 34 CMR 474

No. 17,780

September 11, 1964

Colonel *Robert O. Rollman,* Colonel *Daniel E. Henderson, Jr.,* Lieutenant Colonel *James W. Logan,* and Major *Milton E. Kosa* were on the brief for Appellant, Accused.

Colonel *Emanuel Lewis* and Major *Neil Kasdan* were on the brief for Appellee, United States.

### Opinion of the Court

PER CURIAM:

Tried by special court-martial at George Air Force Base, California, on November 21, 1963, the accused was found guilty of two counts of larceny, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921, and signing a false official statement, in violation of Code, supra, Article 107, 10 USC § 907. He was sentenced to bad-conduct discharge, forfeiture of $30.00 per month for three months, confinement at hard labor for three months, and reduction to grade of airman basic. Intermediate appellate authorities affirmed, and we granted accused's petition for review upon two issues. Upon examination of the final briefs, it appears that oral argument is unnecessary.

Only one issue merits discussion. According to affidavits filed before the board of review and in this Court, it appears that following his trial, accused was personally interviewed by the convening authority. That officer, apparently impressed by his demeanor and a unanimous recommendation of the court-martial for exercise of clemency, determined at this point to suspend execution of the adjudged bad-conduct discharge for a period of six months and to direct his commitment to confinement facilities at Amarillo Air Force Base, Texas, for purposes of rehabilitation training.

Upon informing his staff judge advocate of his intended action, the convening authority was told that his legal advisor had "accomplished a coordination telecon with the Staff Judge Advocate, Headquarters, Twelfth Air Force." The latter officer had allegedly informed the local judge advocate "it was contrary to the policy of Twelfth Air Force to effect rehabilitation of those convicted of larceny, and Airman Fraser should not be sent to Amarillo Air Force Base, Texas; and, if he were sent to Amarillo Air Force Base, Texas, Headquarters, Twelfth Air Force would attempt to effect his withdrawal; and, if Airman Fraser successfully completed his retraining, steps would be taken to prevent his ever being assigned to a Tactical Air Command Base."

In view of "the Twelfth Air Force policy annunciated above as related to me by my Staff Judge Advocate," the convening authority "decided that no constructive end would be served by suspension of the bad conduct discharge and transfer to Amarillo." Accordingly, as noted above, he approved the adjudged sentence.

The injection of an actual or apparent command policy into the sentencing process on appeal violates Code, supra, Article 37, 10 USC § 837; denies the accused an individualized review; and constitutes error prejudicial to his substantial rights. United States v Doherty, 5 USCMA 287, 17 CMR 287; United States v Wise, 6 USCMA 472, 20 CMR 188; United States v Scott, 6 USCMA 650, 20 CMR 366; United States v Plummer, 7 USCMA 630, 23 CMR 94. Here, prior to his conversation with his staff judge advocate, the convening authority had clearly decided to suspend accused's discharge. The matter goes, therefore, to the punitive separation and, as the intended period of suspension has long since expired, it may be purged only by disapproval of that portion of the sentence. United States v Fowle, 7 USCMA 349, 22 CMR 139; cf. United States v Hamill, 8 USCMA 464, 24 CMR 274.

We are appalled to learn there may yet be extant command policies regarding action on courts-martial sentences in defiance of the Code and which we have so frequently condemned in our opinions. We are even more concerned by the allegation that a senior legal officer and member of our Bar may have lent his office to the enforcement of such a patently illegal matter. Such actions, if knowledgeably taken, merit the severest condemnation, and we are certain that measures will be instituted to prevent recurrence of this unfortunate situation.

So much of the approved and adjudged sentence as involves a bad-conduct discharge is set aside. Otherwise, the decision of the board of review is affirmed.